IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


VERONICA RILEY,

    Petitioner,

vs.                                      Case No. 4:10cv561-RH/WCS

UNITED STATES OF AMERICA,

    Respondent.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with supporting memorandum. Docs. 1 and 2. The filing fee was paid.

    Petitioner challenges her conviction and sentence imposed in the Middle District of Florida for sale or distribution of 50 grams or more of cocaine base and the related conspiracy in violation of 21 U.S.C. § § 841(b)(1)(A) and 846. Doc. 1, p. 2. For relief, she seeks resentencing or any other appropriate remedy. *Id.*, p. 6; doc. 2, p. 5. This is relief generally only available by motion filed pursuant to 28 U.S.C. § 2255, which provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

> sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Under the "savings clause" of § 2255, a petition for writ of habeas corpus filed by a prisoner authorized to seek relief under § 2255 "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To proceed under the savings clause, a claim must be based upon a retroactively applicable Supreme Court decision, establishing the petitioner was convicted for a nonexistent defense; and circuit law squarely foreclosed the claim at the time it should have been raised at trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (footnote omitted). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." Id. at 1245 (footnote omitted). See also Gilbert v. United States 640 F.3d 1293, 1319 (11th Cir. 2011) (noting the Wofford holding "is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.") (footnote and citation to Wofford omitted).

Petitioner indicates that she did not previously file a § 2255 motion, and does not answer the question (posed on the standard § 2255 form) explaining why the § 2255 remedy was inadequate or ineffective. Doc. 1, pp. 2-3. Petitioner actually *did* file a §

2255 motion, which was denied on the merits and judgment entered on the docket on September 25, 2002. Riley v. United States of America, case number 8:02cv1710-RAL, Middle District of Florida, Tampa Division (docs. 4 and 5) (available in PACER) (Public Access to Electronic Records).[1]

Petitioner claims entitlement to proceed under the savings clause, asserting the § 2255 remedy is inadequate and ineffective and that she is actually innocent of being a career offender . Doc. 1, p. 3. Specifically, she alleges that she was sentenced as a career offender based on four prior state court convictions, all for cocaine offenses, but "[n]one of these prior convictions were for an amount of cocaine involving 5 kilograms or more," and could not "trigger the career offender status," which is limited to offenses involving five or more kilograms of cocaine, or fifty or more grams of cocaine base. Doc. 2, pp. 3-4. Petitioner asks to be resentenced without the career offender enhancement or other appropriate relief. *Id.*, p. 5.

Petitioner cites, *inter alia*, Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) and Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010) (other citations omitted). Doc. 2, pp. 1-4. The cited opinion in Gilbert is no longer good law, however; it was vacated and rehearing en banc was granted. Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). On rehearing, the Eleventh Circuit affirmed. Gilbert v. United States 640 F.3d 1293, 1323 (11th Cir. 2011) (cited supra). The

---

[1] The § 2255 motion, order denying it, and certified copy of the judgment were also filed in the criminal case (Middle District case number 8:01cr43-RAL) as docs. 87, 89, and 90, but are not available in PACER. An order dated September 23 and entered on September 24, 2002 (as doc. 3 in the civil case and doc. 88 in the criminal case) noted that further pleadings should be filed in the criminal case and the civil case closed pending resolution of the § 2255 motion in the criminal case, but the documents were filed in both cases.

Case No. 4:10cv561-RH/WCS

petitioner there sought § 2241 relief claiming that – due to subsequent legal developments – his prior offense was no longer a crime of violence for purposes of the career offender enhancement, and he was barred from seeking relief by second or successive § 2255 motion under § 2255(h).  *Id.*, at 1307-08.  The court determined that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."  640 F.3d at 1323.  *See also* 640 F.3d at 1318-1323 (discussing the savings clause and actual innocence in the context of sentencing claims) (discussing Wofford, other citations omitted).

Petitioner's claim that she is actually innocent of her career offender enchantment, and entitled to proceed under the savings clause, are barred by the en banc opinion in Gilbert.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus, challenging Petitioner's conviction out of the Middle District of Florida, be summarily **DISMISSED** pursuant to 28 U.S.C. § 2255(e).

**IN CHAMBERS** at Tallahassee, Florida, on September 7, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.